UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION at ASHLAND

| | | |
|---|---|---|
| WAYNE C. MURPHY | ) | |
| | ) | |
| *Petitioner* | ) | |
| | ) | |
| v. | ) | 0:20-cv-058-JMH-MAS |
| | ) | |
| JESSIE FERGUSON, Warden | ) | |
| | ) | **ORDER** |
| *Respondent* | ) | |

\* \* \*

This matter is before the Court on Respondent Jessie Ferguson's Objections [DE 50] to Magistrate Judge Matthew A. Stinnett's Order of September 29, 2021 [DE 49], in which Magistrate Judge Stinnett partially granted Petitioner Wayne C. Murphy's Motion for Discovery in Support of his Petition for Habeas Corpus. [DE 46]. Murphy having filed a Response [DE 53] to Ferguson's objections, this matter is now ripe for the Court's consideration. For the reasons stated below, the Magistrate Judge's order is affirmed.

## I.  BACKGROUND

On July 14, 2004, an employee of a video store was attacked. [DE 1 ¶ 5]. Murphy was charged with the assault, robbery, and rape of the victim. [Id. ¶ 32]. The jury convicted Murphy. [Id. ¶ 54]. Murphy engaged in numerous post-conviction actions in an attempt to gain relief from his conviction but was unsuccessful. [Id. ¶¶ 61, 70-78].

On May 18, 2020, Murphy filed a petition for habeas corpus pursuant to 28 U.S.C. § 2254 asserting three substantive grounds for relief related to ineffective assistance of counsel ("IAC"). Specifically, Murphy claims his former trial counsel, Hon. Robin Webb ("Webb"), failed (1) to investigate the alibi timeline and as a result failed to present exculpatory evidence (2) to impeach the key identification witness and (3) to properly litigate a meritorious Fourth Amendment claim.

Murphy's Motion for Discovery seeks information related to (i) video surveillance footage from King's Daughters Medical Center ("KDMC") from the morning of July 14, 2004, (ii) grand jury testimony from Murphy's indictment, (iii) AT&T phone records from Murphy's mother's mobile home from July 14, 2004, and (iv) police records regarding Murphy's case. [DE 46]. Magistrate Judge Stinnett's Opinion and Order permits discovery only for the KDMC footage and the AT&T records and only for Claim 2, failing to impeach the key identification witness. [DE 49]. Respondent Ferguson objected to the allowance of limited discovery. [DE 50].

## II. STANDARD OF REVIEW

Upon referral from a district court judge, magistrate judges may "hear and decide" non-dispositive pretrial matters and "issue a written order." *See* 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a). "A party may serve and file objections to the order within

2

14 days after being served with a copy." *Id*. When an objection is filed, the district judge upon consideration must "modify or set aside any part of the order that is clearly erroneous or is contrary to law." *Id*.

An order is considered "clearly erroneous," when "the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Bisig v. Time Warner Cable, Inc.*, 940 F.3d 205, 219 (6th Cir. 2019)(quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)). It is not enough that the reviewing court would have come to a different conclusion. *Heights Cmty Cong. v. Hilltop Realty, Inc.*, 774 F.2d 135, 140 (6th Cir. 1985). The reviewing court must ask "whether there is evidence in the record to support the lower court's finding, and whether its construction of that evidence is a reasonable one." *Id*.

### III. ANALYSIS

Petitioners seeking relief under § 2254 "have no right to automatic discovery." *Beuke v. Houk*, 537 F.3d 618, 654 (6th Cir. 2008). Instead, a "judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Civil Procedure and may limit the extent of discovery." Rule 6 of the Rules Governing Section 2254 Cases in the United States District Courts. For a petitioner to show "good cause," he must make "specific

3

allegations" that "show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief." *Bracy v. Gramley*, 520 U.S. 899, 908-09 (1997). However, Rule 6 does not "sanction fishing expeditions based on a petitioner's conclusory allegations." *Williams v. Bagley*, 380 F.3d 932, 974 (6th Cir. 2004).

For ineffective counsel claims, the petitioner must show (1) "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment" and (2) that the errors were serious enough to have "so undermined the proper functioning of the adversarial process that the [proceeding] cannot be relied on as having produced a just result." *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984).

Petitioner's Motion for Discovery explains how he believes the KDMC footage as well as the AT&T records are relevant to his claims, focusing on how the evidence would show his absence from the crime scene when "the crime was committed between 12:15 p.m. and 12:45 p.m." [DE 45 at 5]. The victim's testimony placed Murphy at the video store and described his behavior as strange. [DE 1 ¶ 46]. Petitioner believes the KDMC footage would show he was present at KDMC until at least 10:55 a.m. and the AT&T records from his mother's home, which is "at least a 23 minute drive from the crime

4

scene," would show that Murphy made a call around 1:00 p.m. [DE 45 at 2, 5].

Respondent argues that the KDMC footage would not have allowed defense counsel to impeach the victim because the victim's testimony did not state what time Murphy entered the store or how long he remained in the store. Respondent's logic is that the only way the footage could be used to impeach the victim is if the victim placed Murphy at scene of the attack during the time the footage shows him to be at the hospital, but since the victim did not attach a time to her testimony regarding Murphy's visit to the store, this footage could not impeach the victim.

Respondent makes the same argument regarding the AT&T records asserting that because the victim did not establish a time, that the existence of a phone call is immaterial and would not have cast any doubt on the victim's testimony. Respondent also argues that Murphy did not make a sufficient showing in his motion to be granted discovery regarding Claim 2 because Murphy only mentions the KDMC footage and AT&T records in relation to Claim 1.

Petitioner responds that even if the victim never identified a specific hour and minute that Murphy was present at the store, the KDMC footage and AT&T records are nonetheless material to impeaching the victim's testimony because, especially when combined with other evidence, both support a timeline that places

5

Murphy elsewhere during the time the victim claims she observed him in the store and "completely undermined the witness's testimony by showing that her version of events was not physically possible." More, Petitioner argues his motion and reply do explain how the footage and phone records tie to Claim 2 not just to Claim 1, and even if his motion did not specifically address Claim 2's relation to the KDMC footage and AT&T records, their absence does not change the fact that Magistrate Judge Stinnett still found that good cause existed for granting discovery related to Claim 2.

Magistrate Judge Stinnett held that Murphy "logically tie[d] the KDMC footage to the protentional merits of IAC Claim 2." In his initial Motion for Discovery, Murphy argued that the footage putting him at KDMC in addition to other evidence, would have "contradicted the core of the victim's testimony that on the morning of the crime, Murphy had suspiciously wandered around the crime scene, and the victim had closely observed his strange behaviors." [DE 46]. Therefore, any arguments by Respondent that Petitioner did not tie the KDMC footage to Claim 2 is improper. More, even if Murphy did not explicitly say the AT&T records tied to Claim 2, it is obvious that Murphy's intentions for using the evidence would be to show that he could not have been at the crime scene at the time of the crime, which would contradict the victim's testimony putting him there. Respondent has pointed to no rule

6

that requires Petitioner to explicitly state the claim for which his argument so clearly supports.

Magistrate Judge Stinnett also held that Murphy demonstrated good cause that the KDMC footage is relevant and material to Claim 2:

> Per the petition and accompanying documentation, this particular testimony was critical to bolstering the victim's in-court identification of Murphy. Had Webb viewed the full KDMC footage and indeed found that it supported Murphy's alibi as he suggests, she could have used such information to challenge the victim's recollection that she had observed Murphy in the store for any considerable period prior to the crime. This, in turn, may have weakened and perhaps vitiated the victim's identification testimony.

[DE 49 at 13]. Magistrate Judge Stinnett's reasoning for permitting discovery of the AT&T records mirrors that of the KDMC footage because "both play an argued joint role in establishing that Murphy was not at the crime scene during the events described in the victim's testimony." [*Id*. at 14].

It is sound logic to assume that offering evidence that could contradict, and thus weaken, critical identification testimony putting Murphy at the scene prior to the crime and describing his behavior as strange is relevant to proving the elements of ineffective counsel claims. The victim's testimony can still be contradicted and impeached even if she never stated a specific

7

time. The KDMC footage and AT&T records clearly relate to whether counsel was ineffective for failing to impeach the victim's testimony. More, the specific request for the KDMC footage of one building during a limited time period and one landline on one date is far from a fishing expedition.

Because Petitioner has shown good cause that the KDMC footage and AT&T records may, if the facts are fully developed, be able to demonstrate that he is entitled to relief for the underlying IAC assertion in Claim 2, it was reasonable, and not clearly erroneous, for Magistrate Judge Stinnett to find that the evidence could also be relevant to the IAC gateway claim. Respondent Ferguson's argument that because the requested material has no relevance to the underlying IAC claim they cannot be relevant to the gateway analysis is immaterial because this Court finds that the requested material does have relevance for the underlying IAC claim.

Finally, Respondent Ferguson argues that because the Court has not considered his argument raised in his answer that the habeas petition is untimely, an order related to discovery is premature. However, Respondent only briefly mentions this argument at the beginning of their objection and does not cite any rules or caselaw in support. The argument is unpersuasive and fails to show that Magistrate Judge Stinnett's order was clearly erroneous.

**IV. CONCLUSION**

8

For the reasons stated above, Respondent Jesse Ferguson's Objections to Magistrate's Opinion and Order partially permitting discovery is overruled and the **MAGISTRATE JUDGE'S ORDER [DE 49] IS AFFIRMED.**

This the 6th day of April, 2022.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge