UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION ASHLAND

WAYNE C. MURPHY,

    Plaintiff/Petitioner,

v.

AMY ROBEY,
*Warden, Roederer Correctional Complex,*

    Defendant/Respondent.

NO. 0:20-CV-00058-KKC-MAS

**OPINION AND ORDER**

\*\*\* \*\*\* \*\*\*

This matter is before the Court on the plaintiff/petitioner Wayne C. Murphy's Petition for a Writ of Habeas Corpus under 28 U.S.C § 2254 (DE 1) and the magistrate judge's Report and Recommendation. (DE 98.) The magistrate judge recommended Murphy's petition be denied and that no certificate of appealability should issue. (DE 98 at 28.) Subsequently, Murphy filed objections to the magistrate judge's recommendation. (DE 101.) The Court, having conducted a *de novo* review of the portions of Report and Recommendation to which Murphy objected, agrees with the magistrate judge's analysis and conclusions for the following reasons.

I.    **Background**

The background leading to Murphy's petition being before this Court is extensive. The Report and Recommendation summarizes this background in full. (DE 98 at 1-15.) Relevant to the Court's disposition of Murphy's petition here, *six parts* of the story are worth repeating.

(1) *Murphy's Underlying Criminal Conviction*. As the story goes, on July 14, 2004, Murphy and an accomplice, Ryan Dixon, entered a video store in Russell, Kentucky and proceeded to assault and rape the female attendant and rob the store. These events occurred between 12:08 p.m. and 1:03 p.m. on the day of the crime. Murphy and Dixon's victim, Jane

1

Doe, would later go on to identify both individuals as the assailants during the subsequent investigation. At trial, the Commonwealth based its case against Murphy on an eyewitness who claimed to have seen Murphy at the scene of the crime, Doe's identification of Murphy, and testimony by a cellmate claiming Murphy had made a jailhouse confession that he assaulted Doe. Meanwhile, Murphy's counsel unsuccessfully attempted to convince the jury that Murphy had an alibi. Further, Murphy's counsel unsuccessfully attempted to challenge Doe's identification of Murphy as one of the perpetrators. Murphy was convicted by a Greenup Circuit Court jury on counts of first-degree rape, first-degree assault, and first-degree robbery in 2006.

(2) *Alibi Evidence at Trial*. The details of Murphy's alleged alibi are well documented in the Report and Recommendation. (DE 98 at 3-4.) At trial, as Murphy admits, his trial counsel's "primary trial strategy was to present Murphy's alibi." (DE 1 at 14.) The alibi defense was presented through the testimony of James Hurst. Hurst testified that he had been with Murphy in the hours leading up to the time when the crime was committed. On cross-examination, the Commonwealth suggested to the jury that Hurst's testimony was not to be believed because of a discrepancy between the alibi timeline, the timestamp on surveillance footage of Hurst and Murphy together at a Speedway on the day of the crime, and the "electronic journal" timestamp from Speedway which showed when Murphy had made a purchase.

(3) *The Kentucky Lottery Letter*. As described above, Murphy's alibi witness' testimony was undermined by a discrepancy between the alibi timeline and timestamp data from Speedway on the day of the crime. On January 10, 2011, after making an open records request, Murphy received a letter from the Kentucky Lottery which he argues corroborates his alibi timeline and discredits the timestamp data from Speedway. Murphy alleges this letter forms the basis for his first claim that he received ineffective assistance of counsel at trial. (DE 101 at 3.)

(4) *The Victim's Identification Testimony at Trial*. At trial, Murphy's counsel also challenged Doe's identification of Murphy as her assaulter. According to Murphy, his trial counsel presented evidence to the jury that Doe's memory, and thus her ability to identify her assaulter, was impaired by the injuries she sustained. (DE 1 at 14.) Additionally, Murphy's counsel attempted to impeach Doe by noting that Doe "had identified Dixon but failed to identify Murphy in a photo array at the hospital three days after the crime." (DE 101 at 12.)

(5) *The Police Letter*. On January 20, 2011, after more open records requests, Murphy received a letter from the Russell Police Department which explained it had no written record of Doe identifying Murphy as her assaulter. (DE 45 at 9.) Murphy claims this letter forms the basis for his second claim that he received ineffective assistance of counsel at trial. (DE 101 at 3.)

(6) *Murphy's § 2254 Petition*. Murphy moved for post-conviction relief in state court a few months after discovering both letters. After those proceedings concluded in 2020, Murphy filed his § 2254 petition in federal court. Murphy's petition makes two claims. First, based on the Kentucky Lottery letter, Murphy claims he received ineffective assistance of counsel at trial because his attorney failed to investigate and present sufficient evidence supporting his alibi defense. (DE 1 at 24.) Second, based on the Russell Police Department letter, Murphy claims he received ineffective assistance of counsel at trial because his attorney failed to impeach Doe with evidence regarding her prior failures to identify Murphy. (*Id*.)

**II.    Analysis**

The magistrate judge's Report and Recommendation concludes that Murphy's petition is untimely under 28 U.S.C. § 2244(d). (DE 98 at 21.) § 2244(d)(1) provides that petitions for writs of habeas corpus must be filed within one year of the latest of four possible dates:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

>(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Murphy contends that subpart (D) provides the applicable triggering date for the statute of limitations period for his § 2254 petition. According to Murphy, the Kentucky Lottery letter and the Russell Police Department letter serve as the "factual predicates" on which his claims to ineffective assistance of counsel are based. (DE 101 at 3.) If Murphy is correct, then his petition could be timely. This is because Murphy filed state relief proceedings on July 22, 2011, mere months after the discovery of both letters. And as § 2244(d)(2) provides "[t]he time during which a properly filed application for State post-conviction or other collateral review . . . is pending shall not be counted toward" the limitations period of § 2244(d)(1). Thus, Murphy's state proceedings could have tolled the limitations period until March 18, 2020, when the state proceedings reached a conclusion. Under this reasoning, only 254 days of the one-year limitations period accrued by the time Murphy's § 2254 petition was filed on May 18, 2020.

The magistrate judge disagreed with Murphy's assertion that § 2244(d)(1)(D) provides the applicable triggering date for limitations period. As the magistrate judge explained, § 2244(d)(1)(D) is inapplicable to Murphy's claims because neither the Kentucky Lottery letter nor the Russell Police Department letter qualify as the "factual predicates" of his claims. (DE 98 at 19-21.) As such, the magistrate judge held that § 2244(d)(1)(A) provides the applicable

4

triggering date for the one-year limitations period imposed on Murphy's petition. Applying that provision, the magistrate judge held the statute of limitations for Murphy's petition expired on October 25, 2009.[1] (*Id*. at 21.) After entertaining the application of equitable tolling principles, the magistrate judge held that Murphy's petition was untimely filed. (*Id*. at 27.)

### A. The magistrate judge correctly held that neither the Kentucky Lottery letter nor the Russell Police Department letter qualify as "factual predicates."

Murphy objects to the magistrate judge's refusal to apply § 2244(d)(1)(D) as the provision providing the triggering date for the limitations period on multiple grounds. (DE 101 at 3-15.) First, Murphy argues the magistrate judge focused on the wrong question in deciding whether § 2244(d)(1)(D) applies. (*Id*. at 4.) In Murphy's eyes, the question should have been "what is 'the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence?'" (*Id*.) This question, however, puts the cart before the horse. As the magistrate judge correctly determined and the Sixth Circuit has recently held, a court must first determine whether the evidence the petitioner presents constitutes a "factual predicate" for their claims. *Ayers v. Ohio Dep't of Rehab. & Correction*, 113 F.4th 665, 670 (6th Cir. 2024). Only after making that determination will a court ask when a petitioner could have discovered the factual predicate through the exercise of due diligence. *Id*.

Second, Murphy argues that both the Kentucky Lottery letter and Russell Police Department letter qualify as the "factual predicates" to his claims. (DE 101 at 8-18.) Generally, "a factual predicate consists only of the 'vital facts' underlying the claim." *Ayers*, 113 F.4th at 670 (citations omitted). However, evidence presented by a habeas petitioner does not form a

---

[1] This date reflects one year from when the Kentucky trial court's Amended Judgment became final.

5

"vital fact" where it is "merely *cumulative* to the evidence *already presented by the defense at trial*." *Souter v. Jones*, 395 F.3d 577, 587 (6th Cir. 2005) (emphasis added).

Here, both the Kentucky Lottery letter and the Russell Police Department letter are cumulative of evidence Murphy already presented at trial. As for the Kentucky Lottery letter, Murphy argues the letter corroborates his alibi timeline. (DE 1 at 14-15.) Murphy, however, already presented evidence at trial that served to corroborate his alibi timeline. This evidence came in the form of Hurst's testimony. Again, as Murphy himself put it in his petition, his trial counsel's "primary trial strategy was to present Murphy's alibi." (DE 1 at 14.) Thus, although the Kentucky Lottery letter lends additional support to Murphy's alibi defense, it is cumulative of Hurst's alibi testimony which was presented at trial. *Hubbard v. Rewerts*, No. 21-2968, 2022 U.S. App. LEXIS 14886, at *7 (6th Cir. May 31, 2022) ("evidence that is merely cumulative cannot form the newly discovered factual predicate for a habeas claim, even if the evidence lends additional support to the claim.").

As for the Russell Police Department letter, Murphy argues the letter undermines Doe's trial testimony which identified him as her assaulter. (DE 45 at 9.) Once again, however, Murphy's own pleadings show that he presented evidence at trial that attempted to impeach Doe's identification testimony. For example, Murphy admits that "[trial counsel] made some effort to impeach the victim's testimony," (DE 45 at 35) and that his counsel questioned Doe's memory. (DE 1 at 14.) Murphy is likely correct that the Russell Police Department letter would have bolstered his attempt to impeach Doe. But Murphy cannot escape the fact that the letter is merely cumulative of the impeachment evidence Murphy's counsel presented at trial. Thus, the Russell Police Department letter cannot be the "factual predicate" underlying his current claim.

6

In sum, neither the Kentucky Lottery letter nor the Russell Police Department letter qualify as the "factual predicates" to Murphy's claims. Each letter is cumulative of evidence already presented at Murphy's trial. As such, the limitations period for Murphy's petition is governed by § 2244(d)(1)(A) and that provision renders Murphy's petition untimely filed.

**B. The magistrate judge correctly held that no certificate of appealability should issue.**

Murphy argues in the alternative that the magistrate judge erroneously failed to issue a certificate of appealability ("COA"). (DE 101 at 15.) A certificate of appealability may issue where a habeas petitioner has made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "When a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (emphasis added). Here, the evidence presented by Murphy is cumulative of trial evidence, and reasonable jurists would not debate this point. Thus, reasonable jurists would not debate the denial of Murphy's § 2254 petition as untimely.

**III.   Conclusion**

For the foregoing reasons, the Court hereby ORDERS as follows:

1. the Report and Recommendation (DE 98) is ADOPTED as the Court's opinion;

2. the plaintiff's petition under 28 U.S.C. § 2254 (DE 1) is DENIED;

3. a certificate of appealability will not be issued; and

4. a judgment consistent with this order and the Report and Recommendation will be ENTERED.

This 16th day of October, 2024.

*Karen K. Caldwell*
KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY